Case 4:14-cv-01120   Document 18   Filed in TXSD on 04/08/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM L HENDERSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-01120 |
| § | |
| BP PRODUCTS NORTH AMERICA, § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Pending in the above-referenced cause, alleging employment discrimination on the basis of race and age, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991, and the Age Discrimination in Employment Act ("ADEA"), is Defendant, BP Products North America Inc.'s ("BP") Motion for Summary Judgment and Memorandum in Support. (Doc. 13.) Plaintiff William L. Henderson ("Henderson") filed a Motion, Memorandum, and Response in Opposition (Doc. 14),[1] and BP responded by filing its Reply and Objections to Plaintiff's Response (Doc. 15). After considering the parties submissions, documents attached thereto, and the relevant standard, the Court is of the opinion that Defendant's motion should be GRANTED.

### I. Background

This case arises from claims of a former BP employee that he was the victim of workplace discrimination. Plaintiff Henderson is a fifty-three year old African American male who began his employment with BP in September 1980. (Doc. 1 at p. 3, ¶ 7; Doc. 13-1 at p. 31, lines 14–16.) Although initially employed as a warehouseman, Henderson held a variety of

---

[1] Although Henderson styles this document a "motion," nowhere does Henderson request any relief besides that the Court "deny BP's Motion for Summary Judgment in its entirety, and permit this case to proceed to trial on the merits before the requested trier of fact, the jury." (*See* Doc. 14 at p. 33.)

positions over the course of his employment with BP. (Doc. 13-1 at p. 11, lines 14–19.) In February 2010, he was appointed to the position of Permanent Shift Director, a position he held when he earned a "below expectations" performance rating in February 2012. (*Id.* at p. 57, line 17 – p. 58, line 12; pp. 42–54.) Shortly after this review, in the spring/early summer of 2012, Henderson was transitioned to a new role, known as "Pride Team Lead." (*Id.* at p. 63, lines 14–23; p. 66, line 4 – p. 67, line 21.) Despite the transition, Henderson maintained his seniority level and experienced no change in base salary or benefits. (*Id.* at p. 67, line 25 – p. 68, line 10.) Nevertheless, on April 12, 2012, Henderson lodged a complaint against BP with the EEOC alleging that his removal from the Permanent Shift Director position was the result of discrimination on the basis of race and age. (*Id.* at p. 73, line 3 – p. 74, line 7; *see also* Doc. 1 at 17.) He never told anyone at BP about this charge. (Doc. 13-1 at p. 73, lines 22–25.)

On February 1, 2013, Marathon took sole possession of the refinery pursuant to BP's sale of the refinery to Marathon. (*Id.* at p. 13, lines 14–16.) Henderson then automatically became an employee with Marathon. (*Id.* at p. 13, lines 17–20.) In the transition, Henderson experienced no gap in his employment, his pay remained "right around" the same, and his negative performance review did not follow him. (*Id.* at p. 13, line 21 – p. 16, line 2; *see also* Doc. 13-2.)

On January 23, 2014, the EEOC dismissed Henderson's charge against BP and issued Henderson a notice-of-right-to-sue letter. (*See* Doc. 1 at p. 16.) Three months later, Henderson filed his Complaint in this Court, alleging race and age discrimination, hostile work environment, and retaliation in violation of Title VII and the ADEA. (*Id.* at pp. 11–12, ¶¶ 41–47.) BP responded with its Motion for Summary Judgment, which is now ripe for adjudication. (Doc. 13.)

## II. Legal Standard

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewed in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1996) (quoting Fed. R. Civ. P. 56) (internal quotation marks omitted). Where the nonmovant bears the burden of proof at trial, the movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but does not have to, negate the elements of the nonmovant's case to prevail on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading, or unsubstantiated or conclusory assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

Allegations in a plaintiff's complaint are not evidence. *See, e.g.*, *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1995) (quoting *Solo Serve Corp. v. Westtown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991)) (for the party opposing the motion for summary judgment, " 'only evidence—not argument, not facts in the complaint—will satisfy' the burden."). The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324) (internal quotation marks omitted). The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant, but the court may not make credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). There is no genuine issue for trial if a rational trier could not find for the nonmoving party based on the evidence presented. *Nat'l Ass'n of Gov't Emps.*, 40 F.3d at 712–13 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584–88 (1986)).

Moreover, the district court does not have a duty to "sift through the record in search of evidence" to support the nonmovant's opposition to a motion for summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)) (internal quotation marks omitted). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, and on which he bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322. In the absence of any proof, the Court will not assume that

the nonmoving party could or would prove the essential facts necessary to support a judgment in favor of the nonmovant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam).

### III. Analysis

In this case, BP's motion for summary judgment pointed out an absence of evidence to prove a number of essential elements of Henderson's case on which he bears the burden of proof at trial. Accordingly, in order to survive summary judgment, Henderson was required to present competent summary judgment evidence to support the essential elements of his claims and to demonstrate that there is a genuine issue of material fact for trial. *Nat'l Ass'n of Gov't Emps.*, 40 F.3d at 712. Moreover, under the Local Rules, if Henderson wanted the Court to consider evidence not appearing of record, he was required to file documentary evidence with his response. *See* Local Rule 7.7. Henderson failed to do so.

Instead, Henderson relies on "allegations . . . [and] unsubstantiated and conclusory assertions that a fact issue exists" without "set[ting] forth specific facts showing the existence of a genuine issue of material fact concerning every element of [his] cause(s) of action."[2] *Morris*, 144 F.3d at 380. Rather than provide any competent summary judgment evidence to support his contention that genuine issues of material fact exist, Henderson states "Plaintiff did not conduct costly depositions of witnesses, but has provided an extensive list of witnesses who have committed to testify truthfully at trial, and whose testimony will clearly evidence truthfully and

---

[2] For example, Henderson states "Plaintiff makes a prima facie case for discrimination . . . . Plaintiff is 1) member of the protected classes (race and age); 2) Plaintiff is and was at all times qualified for his positions, the positions/promotions to which he aspired and/or was denied or treated less favorably than his white counterparts; 3) Plaintiff Henderson suffered adverse employment actions; 4) Plaintiff was subjected to less favorable treatment than his white and/or younger counterparts; Plaintiff suffered as a result. Thus, summary judgment should be denied, this case should proceed to trial on the merits for all claims." (Doc. 14 at pp. 22–23, ¶ 49). Henderson makes this claim without citation to any evidence in support.

convincingly to the jury that BP unlawfully subjected Plaintiff to discrimination, retaliation, and hostile work environment as alleged, and for which BP should be held liable with appropriate damages awarded to Plaintiff." (Doc. 14 at p. 12, ¶ 14.) Henderson renews this claim—that "credible witnesses are scheduled to testify"—throughout the Response to support his conclusory assertions that fact issues exist. (*See id.* at pp. 3–4, ¶ 10; pp. 9–11, ¶¶ 3, 5, 9; pp. 13–18, ¶¶ 17–21, 23–24, 39–43; p. 30, ¶¶ 58–59.)

Finally, Henderson "implores this [C]ourt to question and reject until trial the credibility of BP's 'evidence' and its testimony regarding the same . . . ." (Doc. 14 at p. 21, ¶ 47.) This statement, Henderson's reliance on conclusory assertions, and his promises to provide support for his claims by unnamed "witnesses" at trial demonstrates that Henderson misunderstands the nonmovant's burden in opposing summary judgment. Because Henderson failed to meet his burden, his claims must be dismissed.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that BP's Motion for Summary Judgment and Memorandum in Support (Doc. 13) is **GRANTED**.

SIGNED at Houston, Texas, this 8th day of April, 2016.

_____<br>
MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE